MAE CUTTER, PATRICIA SICKLES, ELIZABETH SUTCLIFFE, as Administratrix De Bonis Non, etc., of MARGARET SUTCLIFFE, Deceased, GEORGE FUERST and ELIZABETH SCHENCK, Respondents, v. MAXWELD CORPORATION, Appellant.— Consolidated actions to recover damages for personal injuries and death resulting from the negligent operation of an automobile by the president of defendant corporation. Judgment entered on the verdict of a jury in favor of plaintiffs, and order denying motion to set the verdict aside, affirmed, with costs. No opinion. Hagarty, Davis, Johnston and Close, JJ., concur; Adel, J., dissents and votes to reverse and grant a new trial, with the following memorandum: The issue of ownership of the automobile should not have been submitted to the jury. It was not error to admit evidence that the defendant corporation had insured itself against loss resulting from the operation of the Buick automobile, as such evidence might tend to establish defendant's ownership or control; but the uncontradicted evidence offered by defendant that ownership was in Maxwell, personally, established that it would be against the weight of the evidence to find that defendant owned the car. The issue of ownership, therefore, should not have been submitted to the jury. On the whole evidence that was adduced, the jury should have been asked to find whether at the time of the accident the automobile was operated in the business of the defendant. Defendant is not liable if the operation was in the personal interests of Maxwell or if the operation of the car at the time of the accident was not in connection with the business of the defendant. (*Clark* v. *Harnischfeger Sales Corporation*, 238 App. Div. 493; leave to appeal denied by the Court of Appeals, Oct. 10, 1933, N. Y. L. J., Oct. 11, 1933, p. 1251, not officially reported.)

FRANCESCO D'ALCAMO, as Administrator, etc., of PAUL D'ALCAMO, Deceased, Appellant, v. JULIUS GOLDBACH, Respondent.— In an action to recover damages for the death of plaintiff's intestate through the alleged negligence of the defendant in the operation of his automobile, judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. The trial court erroneously refused to charge, upon plaintiff's request, that if her intestate was crossing at the crosswalk with the light and reached a point within twelve or fifteen feet of the east curb, where he was struck when the light turned to black, he had the right of way over defendant's automobile. The court was further in error in stating that, under the facts assumed in the request, he would leave the question of the right of way to the jury, that the rights were equal at the crossing, and that such a charge " would be entirely different from the defendant's story." (Code of Ordinances of the City of New York, chap. 24, art. 2, § 11; ▮ *Ward* v. *Clark*, 232 N. Y. 195; *Metzger* v. *Cushman's Sons, Inc.*, 243 id. 118; *Cherubino* v. *Meenan*, 253 id. 462.) We do not agree with the respondent that the error was harmless. Lazansky, P. J., Hagarty, Carswell, Adel and Close, JJ., concur.