ROSE NAZINITSKY, by Her Guardian ad Litem, REBECCA NAZINITSKY, and REBECCA NAZINITSKY, Appellants, and LEAH LEMONCHICK, by Her Guardian ad Litem, CELIA LEMONCHICK, and CELIA LEMONCHICK, Plaintiffs, v. MURRAY P. SINCOFF, Respondent.— In an action to recover damages for injuries sustained by the infant plaintiff Rose Nazinitsky, by reason of alleged negligence of the defendant in the operation of an automobile, and by the plaintiff Rebecca Nazinitsky for loss of services and expenses, judgment for defendant dismissing the complaint reversed on the law and a new trial granted, with costs to appellants to abide the event. The testimony adduced on behalf of the plaintiffs is to the effect that both infant plaintiffs proceeded across Pitkin avenue at a time when the lights were in their favor and that they had proceeded half-way across before the green light changed to blank, at which time, and before the color of the light permitted him to do so, the defendant's taxicab proceeded to cross. Both infant plaintiffs continued across the remaining half of Pitkin avenue and, in so doing, were struck

by the defendant's taxicab which had traveled approximately seventy-five feet from the point at which plaintiffs observed the car. Contributory negligence as a matter of law was not established on the theory that the plaintiffs had no right to assume that they were afforded a safe opportunity to cross. (*Kupperberg* v. *American Druggists Syndicate, Inc.*, 212 App. Div. 311; *O'Neill* v. *Ewert*, 189 id. 221.) Furthermore, one who starts to cross a traffic light controlled highway with the lights in his favor has the right of way over traffic proceeding on that highway until he reaches the other side, even though in the meantime the traffic lights change. (See *D'Alcamo* v. *Goldbach*, 256 App. Div. 948.) Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.