Mae Cutter et al., Respondents, *v.* Maxweld Corpora-
tion, Appellant.

Argued October 4, 1939; decided November 21, 1939.

*Fred L. Gross* and *James F. Clarity, Jr.,* for appellant.

*Harold M. Kennedy* and *Francis J. Nicosia* for respond-
ents.

*Per Curiam.* Defendant corporation appeals from a judgment in favor of plaintiffs in a personal injury action. The occurrence arose through the negligent operation of an automobile by the president of the defendant corporation, whereby plaintiffs were injured.

All the plaintiffs were riding in the car which was struck by the automobile driven by the president of the defendant except the plaintiffs Mae Cutter and Patricia Sickles. These two ladies, a night club entertainer and her sister, were invited, between seven and eight o'clock in the evening, by the president of defendant corporation, to accompany him from Brooklyn to his country home at Northport, Long Island, in an automobile which was registered in the name of the president and paid for by him, but was used at times upon the business of the corporation. The plaintiffs recovered upon a special verdict of the jury (1) that the car was owned by the defendant, and (2) that the car was being used by the president in the business of the corporation that evening. In regard to this latter question, it appeared in the evidence that he met at the house in Northport two gentlemen who looked over some pamphlets bearing pictures of the wares manufactured by the defendant corporation and that they wrote down certain data and discussed prices, taking about an hour or more in so doing. There is no evidence in the record upon this appeal showing that the ladies took any part in promoting the business between the president and the two callers. The trial court improperly excluded all evidence relating to what the president said to the ladies when he invited them to go on the trip. The exclusion of what was said was error, as it might have contained evidence showing that these plaintiffs had a part in the business of the corporation.

The judgments, therefore, in favor of Mae Cutter and Patricia Sickles should be reversed and new trials granted, with costs to abide the events. The judgments in favor of the other plaintiffs should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.