130

## CUTTER et al. v. AMERICAN LUMBER-MENS MUT. CASUALTY CO. OF ILLINOIS.

### No. 7709.

District Court, E. D. New York.
April 24, 1940.

Francis J. Nicosia, of Brooklyn, N. Y., for plaintiffs.

Gross & Keck, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

It appears that on January 8, 1936, the plaintiffs brought an action against Maxweld Corporation for damages for personal injuries sustained in an automobile accident alleged to have resulted from the negligence of that corporation. They obtained judgments in varying amounts aggregating in excess of $60,000. These judgments owing to the insolvency of that corporation remained unsatisfied.

The defendant is a foreign insurance company and its liability herein is predicated upon a certain policy of insurance issued to the said Maxweld Corporation on or about October 5, 1934, which was in effect on December 5, 1934, the date of the accident. The plaintiff claims that the said policy of insurance obligates the insurance company to the extent of $50,000.

The defendant insurance company contended that the Maxweld Corporation, by virtue of the policy referred to, was insured to the extent of only $10,000, and admits liability to that amount, plus interest thereon from June 29, 1938; costs in the negligence action of $188.60, interest thereon from June 29, 1938; costs awarded by the judgment of an affirmance of the Appellate Division of $122.31 with interest thereon from March 18, 1939; and costs awarded by the judgment of the Court of Appeals in the sum of $127.39, together with interest thereon from December 7, 1939.

It appears that the actions of Mae Cutter and Patricia Sickles herein were discontinued.

The controversy primarily involves a construction of the insurance policy.

Item No. 8 recites: "The automobiles covered by this policy, the kind of insurance provided by this policy, the limits of liability assumed by the company and the premiums to be paid by the assured, are stated below. No liability is assumed for any coverage unless a specific premium charge is entered therefor in this schedule, nor for collision unless the type of coverage and the amount to be deducted from each claim are also indicated in the space provided."

Reference is then made to the schedule attached, but under various headings in this same Item 8 is found:

| Liability (Limits $5,000 One Person, $10,000 One Accident) Premium | Increased Public Liability Limits One Person One Accident (See Schedule) Premium | Property Damage (Limit $5000) Premium | Collision Deductible Premium |
| --- | --- | --- | --- |
| $213.00 | $51.87 | $13.00 | nil |

Total Deposit Premium, $277.87

Attached to and forming part of the policy is a sheet bearing the legend: "The following cars are covered by policy to which this endorsement is attached."

fairs of the Maxweld Corporation. Later that night Maxwell and the two plaintiffs left Maxwell's home to return to Brooklyn and a very serious collision oc-

| Year | Make | Type | Mtr. # | Fac. # | Protects Interests of | Location | P.L. $10000 $20000 | P.L. $25000 $50000 | P.D. $5000 |
|------|------|------|--------|--------|------------------------|----------|------|------|------|
| 1928 | Dodge | DeLuxe Sedan | 16204 | 6749 | Earl C. Maxwell | North-port, N. Y. | nil | $ 40.64 | nil |
| 1931 | Buick | Sedan (8–57) (8 Cyl.) | 2714220 | 2564968 | Harry A. Franz | Forest Hills, L.I., N.Y. | 54.05 | nil | 13.00 |
| 1930 | Ford | Roadster | 3415703 | | Maxweld Corp. | Brooklyn, N. Y. | nil | 129.54 | nil |
| 1934 | Buick | Sedan (41) | 1266457 | 2759175 | Earl C. Maxwell | North-port, N. Y. | nil | 40.64 | nil |
| | | | | | | | $54.05 | $210.82 | $13.00 |

Total Premium $277.87

Shortly after the issuance of the policy, by endorsement it was agreed that the policy on and after October 5, 1934, would not cover the 1931 Buick sedan nor the interest of Harry A. Franz, and there was returned a total premium of $67.05.

The case on appeal before the Court of Appeals in the negligence suit is an exhibit in the case, and from it it appears that the Maxweld Corporation was engaged in the business of manufacturing tanks for oil burners; that Earl Maxwell was its president; that in July 1934 he bought a Buick sedan on the part payment plan and that the General Motors Acceptance Corporation financed the purchase for him. The automobile was registered in Maxwell's name and the automobile license issued to him. Payments were made out of his own bank account. It is not disputed that he used the car on many occasions while performing the duties of the president of the Maxweld Corporation.

On the evening of December 4, 1934, Maxwell accompanied by the plaintiffs Patricia Sickles and her sister Mae Cutter drove from Brooklyn to Maxwell's home at Northport. Some time after they arrived at his home two men arrived and Maxwell and these men engaged in some business discussion, presumably relating to the af-

curred which resulted in the suit against the Maxweld Corporation. In that action the jury found that the Maxweld Corporation owned the Buick car driven by Maxwell and that it was being used on the occasion in the business of the Maxweld Corporation.

The Appellate Division on February 28, 1939, affirmed the judgments obtained in the negligence action, Cutter v. Maxweld Corp., 256 App.Div. 948, 10 N.Y.S.2d 394; and on November 21, 1939, on appeal to the Court of Appeals, that court affirmed the judgments except as to Mae Cutter and Patricia Sickles, Id., 281 N.Y. 467, 24 N. E.2d 129. They were granted new trials because there was no evidence that those plaintiffs took any part in promoting the business of the Maxweld Corporation.

The opinion of the Court of Appeals recites that the car "was registered in the name of the president and paid for by him, but was used at times upon the business of the corporation."

We come now to a construction of the policy, for the plaintiffs can recover only pursuant to the coverage of the policy. What insurance did the Maxweld Corporation procure by virtue of the policy, is the fundamental question presented. It is important to note that in Item 8 it is pro-

132

vided: "No liability is assumed for any coverage unless a specific premium charge is entered therefor, etc." and the limit of liability stated in respect to one person is $5,000, and $10,000 in respect to one accident, and the premium noted is $213. In addition a premium of $51.87 is charged for increased public liability limits in respect to one person and one accident.

The rider attached to the policy and forming part thereof indicates that in addition to that of the Maxweld Corporation, in respect to the 1934 Ford roadster, interests of one Harry A. Franz and of Earl C. Maxwell are included. And the total premium of $277.87, recorded under Item 8 on the first page of the policy, is made up of three items: The first one of $54.05 (subsequently cancelled) relating to coverage of the 1931 Buick sedan so far as it affected Franz; and $210.82 divided in turn into the sum of $129.54 on the Ford roadster of the Maxweld Corporation, and two items each for $40.64 on Maxwell's 1928 Dodge car (subsequently cancelled) and his 1934 Buick car. The $13 premium for property damage makes up the total of $277.87.

When the policy was written, these four automobiles and their operation were the only cars covered.

From a consideration of all the pertinent clauses in the policy it appears that for a premium of $213 the corporation acquired insurance to a maximum of $10,000 in any one accident; and that for the additional premium of $51.87 it procured increased protection to a maximum of $50,-000 on its Ford sedan, and insurance for Franz in respect to his car up to $20,000, and for Maxwell as to his cars $50,000. There is no coverage for the Maxweld Corporation beyond the limit of $10,000 except as to its own car. In the absence of an express undertaking, the protection for that company must be so limited. Such a conclusion is wholly consistent also with the view that had the Corporation contracted for $50,000 insurance for itself as to all the cars scheduled, its Ford sedan would not have been specially designated to the exclusion of the other cars for that coverage.

I conclude, therefore, that the plaintiffs may have judgment only to the extent of $10,000 plus interest thereon from June 29, 1938; costs in the negligence action of $188.60, interest thereon from June 29, 1938; costs awarded by the judgment of an affirmance of the Appellate Division of $122.31 with interest thereon from March 18, 1939; and costs awarded by the judgment of the Court of Appeals in the sum of $127.39, together with interest thereon from December 7, 1939.