SOPHIE NILSON, as Executrix, etc., of VICTOR NILSON, Deceased, Respondent, *v.* HARRY C. OPPENHEIMER, Appellant.

Second Department, December 2, 1940.

*John W. Trapp*, for the appellant.

*John A. Gleason*, for the respondent.

CLOSE, J. In this action for negligence the complaint states two causes of action, the first for damages for the death of the plaintiff's testator, and the second for the pain and suffering endured prior to his death. The plaintiff has recovered on both.

The members of this court agree that the verdict in the death action should be sustained, but there is a division as to the verdict in the action for personal injuries, a minority voting to reverse and dismiss that cause of action upon the ground that the plaintiff failed to establish that her testator was free from contributory negligence.

The evidence as to the happening of the accident was derived from the testimony of the defendant, taken in an examination before trial, and as a witness for the defense upon the trial. He was the only eye-witness. . From his testimony the jury could infer that he was operating his automobile in an easterly direction upon Tuckahoe road, in the city of Yonkers — a four-lane concrete highway — at about six P. M. on November 7, 1937. At the intersection of Tuckahoe road and Central avenue the traffic light was against him. When it changed he proceeded, driving in the second east-bound lane at a speed he estimated at about twenty to twenty-five miles per hour. There was a car in the same lane about thirty feet in front of him. He had proceeded about three or four hundred feet east of the intersection when he first saw the decedent about ten or twelve feet from the front of his car, walking across the street in a northerly direction. He did not sound his horn. The only lights he had on his car were his dim lights and it is conceded that these lights threw no beam whatever. There was evidence by one of the defendant's witnesses that immediately after the accident he, the witness, could only see a distance of fifty feet. This evidence, together with the evidence as to the manner in which the street was lighted, justified the jury in finding that section 15 of the Vehicle and Traffic Law was applicable to the situation and that the defendant had violated that statute.

The decedent, a cabinet maker by trade, was eighty-one years of age. He was active and vigorous and worked at his trade every day. His eyesight was good, he walked with a jaunty step and he was very proud of his physical well-being.

The amendments to the Decedent Estate Law, authorizing executors and administrators, in actions for damages for negligence causing death, to recover for personal injuries suffered by their decedent (Laws of 1935, chap. 795) create a paradoxical situation in so far as the burden of proof as to contributory negligence is concerned when considered in connection with section 131 of the Decedent Estate Law. It would seem that the reason

for the change of the rule in regard to the burden of proof relating to contributory negligence, as expressed in section 131 of the Decedent Estate Law, should apply with equal force in an action authorized by sections 119 and 120 of such law for personal injuries. In either case the lips of the injured have been sealed by death. However, in the light of the present rules, the court correctly charged, in the action for personal injuries, that the burden of proof as to freedom from contributory negligence rested on the plaintiff. We believe that there is sufficient evidence in the record to support the jury's finding in favor of the plaintiff. Among other facts, there is evidence from which the jury could infer either that the deceased was in the center of the roadway with ample space for the defendant, in the exercise of due care, to pass behind him, or that the insufficient lighting on the defendant's car prevented the deceased from forming a correct judgment of the distance between him and the car. In fact, such lack of lights might have prevented him from learning that the car was in motion at all. If the rule that there must be proof that the deceased looked before attempting to cross the street is to be applied here, then the plaintiff failed to furnish such proof. Under the circumstances here present we hold that such a rule is not applicable.

The judgment should be affirmed, with costs.

LAZANSKY, P. J., and HAGARTY, J., concur; JOHNSTON and ADEL, JJ., concur for affirmance as to the first cause of action, but dissent as to the second cause of action and vote to reverse the judgment in that respect and to dismiss that cause of action on the ground that plaintiff failed to prove that decedent was free from contributory negligence.

Judgment affirmed, with costs.