JACOB SCHAFFER, Appellant, *v.* FELIX J. GAMBETTA, Respondent.

First Department, January 17, 1941.

*George Brody* of counsel [*Harold Weiss* with him on the brief], for the appellant.

*John W. Bonney* of counsel [*Bonney & O'Brien,* attorneys], for the respondent.

MARTIN, P. J. The plaintiff herein sustained injuries as a result of contact with the defendant's automobile while plaintiff was walking north on the west side of Fifth avenue at or near the Seventy-ninth street transverse at about six-thirty P. M. on October

15, 1936. One of the issues of fact was the exact location of the accident.

Plaintiff claimed it happened on the crosswalk, and defendant's witnesses testified that the accident occurred about twenty feet west of the crosswalk. The jury found in favor of the defendant. The appeal is before the court upon an abridged record containing only so much of the evidence as is necessary to review alleged errors in the charge and refusal of the trial court to charge as requested.

The trial court charged, in part, as follows:

" A driver of a car in a city street must operate his car in a manner that will reasonably avoid injury to pedestrians or others lawfully using the streets, under the conditions and circumstances of the particular situation. He is not required to foresee unforeseeable or to anticipate the improbable, but he is required to use the reasonable care and precaution of an ordinarily prudent person, to avoid injury to others. He must take notice of the likelihood of pedestrians crossing the street and reasonably so manage and control his car as to avoid collision with such pedestrians.

" On the other hand, while a pedestrian has a right to assume that a driver of a car will perform his duty of care, he himself — that is, the pedestrian — must take reasonable precautions for his own safety. He is required to have in mind, in stepping off the curb and in crossing a street, that the roadway is being used by vehicles, and he is required to proceed with the caution that an ordinarily prudent person would.

" In crossing a street, a pedestrian has an equal right with a driver, but no more. Each of them is charged with the duty of exercising reasonable care to avoid an accident. In crossing at points other than regular street crossings, a pedestrian is ordinarily required to exercise greater vigilance than at regular street crossings, because such points are not marked out for foot passengers. But even at such points, the driver must be reasonably watchful to avoid accidents."

At the close of the charge, the following occurred:

" Mr. Weiss [plaintiff's trial counsel]: I have one or two [requests to charge], if your Honor please. I except to that part of your Honor's charge wherein your Honor said, in words or substance, that the rights of the parties were equal on the crosswalk in the circumstances.

" The Court: Yes.

" Mr. Weiss: I ask your Honor to charge the jury that if the jury find that the plaintiff was crossing at the crosswalk, with the lights in his favor and had almost completed his crossing, then plaintiff had the right of way over defendant's automobile.

" The Court: I decline so to charge  *  *  *."

It is urged that the charge, as made, and the refusal to charge as requested constitute reversible error.

The record contains no evidence of any traffic regulation upon which the court could have charged as matter of law that the plaintiff had the right of way as claimed.

In *Cherubino* v. *Meenan* (253 N. Y. 462) the Court of Appeals upheld the power of the police commissioner of the city of New York to make traffic rules and regulations. The court, however, took occasion to reiterate the rule laid down in *Baker* v. *Close* (204 N. Y. 92) where it had said: " The right of passage is common to all, and both footmen and drivers are bound to exercise reasonable care for their own safety and the safety of others upon the street.  *  *  *  At  *  *  *  street crossings both pedestrians and drivers are required to exercise that degree of prudence and care which the conditions demand.  *  *  *  It is impossible to formulate any more precise definition of these relative rights and duties."

The court in the *Cherubino* case said: " Every crossing accident differs; speed, surroundings, relative distance from the meeting point, all play an important part in determining reasonable care, and, as stated in the *Baker* case, the best the law can do is to say to each party that in crossing he must use reasonable care to look out for those exercising a like right."

Speaking of the particular regulation under consideration, the court further said: " Any interpretation of this traffic regulation which would require all vehicles to slow down or stop every time a person was on any part of a street crossing would jam traffic and be unreasonable."

It was for the jury to determine, under the circumstances disclosed by the evidence, whether these parties exercised reasonable care and showed a due regard for the rights of the other at the crossing. The rulings of the trial court as to the charge and request to charge are supported by the holdings in *Young* v. *Herrmann* (119 App. Div. 445), *Baker* v. *Close* (204 N. Y. 92) and *Cherubino* v. *Meenan* (253 id. 462). We find in the record submitted herein nothing to justify the granting of a new trial.

The judgment appealed from should be affirmed, with costs.

TOWNLEY and UNTERMYER, JJ., concur; GLENNON and COHN, JJ., dissent and vote to reverse and grant a new trial.

COHN, J. (dissenting). The action was brought to recover damages for personal injuries based on the alleged negligence of the defendant.

Plaintiff was walking northerly on the west side of Fifth avenue approaching Seventy-ninth street, in the city of New York. There is a transverse road running through Central Park at that point. Fifth avenue is a light-controlled street. According to plaintiff's testimony, as he was about to cross the transverse at the crosswalk, he noticed that the lights were red for east and west traffic and that automobiles were halted in the transverse facing easterly waiting for a change of light. He commenced to cross and after proceeding about two-thirds of the way he was suddenly struck by defendant's cab.

Other evidence in the case showed that defendant, an owner and operator of a taxicab, was traveling north on Fifth avenue. The lights on that thoroughfare were green. He halted at Seventy-ninth street but when he saw a chance to make a turn, with no traffic coming toward him, he turned left into the transverse.

Plaintiff's claim on this appeal is prejudicial error in the charge. The trial justice in his main instructions to the jury stated that in crossing a street, " a pedestrian has an equal right with a driver, but no more." Upon the completion of the charge the following exception and request was made in behalf of plaintiff:

" Mr. Weiss: I have one or two, if your Honor please. I except to that part of your Honor's charge wherein your Honor said, in words or substance, that the rights of the parties were equal on the crosswalk in the circumstances.

" The Court: Yes.

" Mr. Weiss: I ask your Honor to charge the jury that if the jury find that the plaintiff was crossing at the crosswalk, with the lights in his favor and had almost completed his crossing, then plaintiff had the right of way over defendant's automobile.

" The Court: I decline so to charge * * *."

We think that in the circumstances of this case the refusal to charge as requested was erroneous. Notwithstanding any fixed traffic regulations, the operator of an automobile in making a turn into another street must do so with due regard for a pedestrian on a crossing and if it becomes necessary for the operator of the motor vehicle to stop his car to avoid an accident, he must do so. According to the defendant's description of the roadway there was not sufficient space to pass around the plaintiff if the latter were at a point two-thirds across the transverse due to the presence of the cars stopped for the light. To avoid the accident, defendant would be obliged to stop and afford plaintiff the right of way to safely complete the crossing. The charge as requested should have been granted.

The judgment should be reversed and a new trial ordered.

GLENNON, J., concurs.

Judgment affirmed, with costs.