Martha **DELIANTIS** and Daphne Zirpi-
ades, Plaintiffs-Appellants,

v.

**UNITED STATES** of America,
Defendant-Appellee.

Kuja **KARISKAKIS**, Plaintiff-Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

Nos. 96, 97, Dockets 23742, 23743.

United States Court of Appeals
Second Circuit.

Argued Nov. 9, 1955.

Decided Dec. 15, 1955.

Sidney J. Feltenstein, New York City
(Feltenstein & Rosenstein, New York
City, on the brief), for plaintiffs-appel-
lants.

Joseph F. Soviero, Jr., Asst. U. S.
Atty., Eastern Dist. of N. Y., Brooklyn,
N. Y. (Leonard P. Moore, U. S. Atty.,
Brooklyn, N. Y., on the brief), for de-
fendant-appellee.

Before CLARK, Chief Judge, and
LUMBARD and WATERMAN, Circuit
Judges.

PER CURIAM.

The three plaintiffs here seeking dam-
ages for personal injuries were pedes-
trians crossing a street in Queens Plaza,
Long Island City, in the early evening
of April 11, 1952, when they were struck
by an automobile owned by defendant
and operated by one Crupi. Crupi was
driving south on the west side of North-
ern Boulevard which becomes Jackson
Avenue as it goes through the Plaza—
a street wide enough for two lanes of
traffic south, and two north. The plain-
tiffs were on the east side of the Plaza
and, coming to the south walk of Queens
Boulevard, a cross street, stepped out
into Jackson Avenue from east to west
to reach a bus island and to take a bus

on the west side of the Avenue. At that time a red signal light had halted the north-south traffic on the Avenue and they had a green light. The signals changed, however, before they had gone far and cars started north behind them, and also, as the court found, in front, so as to hide them from Crupi, who had been stopped about a block and a half north with the red light and who came down the Avenue with the green light. The plaintiffs continued, however, to proceed west, crossing the white line in the middle of the Avenue and reaching a spot about five feet from its western side, when they were struck by Crupi's car. The trial judge, accepting particularly the testimony of Crupi, his passenger, Tarpey, and the driver of a following car, found that because of the manner in which the plaintiffs crossed Jackson Avenue, passing between the lanes of the moving northbound traffic, Crupi did not see them, since their presence was obscured by these cars. He also found that Crupi was proceeding at a safe, prudent, and reasonable rate of speed; that immediately upon discovering their presence in his path, he applied his brakes and stopped within a short distance; and that at all times he was operating his vehicle with due care and diligence.

■■ These findings appear well supported in the evidence, and in any event are not clearly erroneous. They therefore justify the court's conclusion that plaintiffs had failed to sustain their burden of proving negligence against the United States. Plaintiffs, however, contend that, having started with a green light, they had "a clear and substantial right of way" under Art. 5, § 77, subd. 1, of Traffic Regulations, Department of Traffic, City of New York, as applied in, e. g., Nazinitsky v. Sincoff, 258 App.Div. 742, 15 N.Y.S.2d 71. This principle would seem particularly applicable to the northbound lanes of traffic in which the plaintiffs found themselves when the signals changed. But it would seem unreasonable—indeed promotive of traffic congestion and accidents, rather than the converse—to hold as matter of law that southbound traffic must await the emergence behind moving uptown traffic of pedestrians coming from the extreme left. See Cherubino v. Meenan, 253 N.Y. 462, 465, 171 N.E. 708. We think the court applied the correct standard of negligence.

Affirmed.