NORA COUNIHAN, Appellant, *v.* J. H. WERBELOVSKY'S SONS, INC., et al., Respondents.

First Department, December 17, 1957.

*Harold L. Herzstein* of counsel (*Irving E. Kanner* with him on the brief; *Helen Counihan,* attorney), for appellant.

*Joseph J. Brophy* of counsel (*Cotter; Carey & Schultz,* attorneys), for respondents.

BREITEL, J. P. Plaintiff, in a personal injury negligence action, appeals from the verdict and judgment in favor of defendant after jury trial.

The principal issue upon the trial was whether plaintiff, a woman aged 71, was struck by a truck, or whether she walked into the side of the truck and was knocked under it. The accident occurred at the intersection of East 83rd Street and Third Avenue, in Manhattan. Plaintiff, a pedestrian, proceeded to cross the street with the green light in her favor. Before she had completed the crossing, the light changed. Defendant's truck started up on the light, now in its favor, and the accident occurred. There was a number of eyewitnesses, whose testimony was in marked conflict. A jury would have been entitled, under a proper charge, to find in favor of plaintiff or defendant. A new trial is required, however, because of the charge by the court with respect to a pedestrian's right of way at an intersection. Moreover, since a new trial is required, it is wise to call attention to an improper exclusion of evidence.

In the main charge the court did not discuss the right of way of a pedestrian crossing with a green light in her favor. However, at the conclusion of the charge, plaintiff asked the court to charge the jury that, if plaintiff had started out with a green light, she had the right to continue until she reached the other side. The court granted the charge, but then, when defendant took exception to the additional charge, the court said further: "I will leave it as a question of fact for the jury. As a matter of fact, use your own common sense on that. If she starts with a green light then I leave it as a question of fact for you as to whether she has a right to continue and complete her journey."

Plaintiff was entitled to the charge as first requested by her counsel.

In New York City, the traffic regulations which control pedestrian traffic at a signal-equipped intersection read as follows:

"Section 77. Right of way of pedestrians.

"1. Pedestrians crossing at an intersection on a crosswalk on a green light shall have a clear and substantial right of way.
"    *    *    *

"3. A driver shall not interfere with the right of way of a pedestrian.

"Nothing contained herein shall modify the duty of a driver to use due care at all times when a pedestrian shall be in his pathway." (N. Y. City Traffic Regulations, art. 5, § 77.)

While the regulation, which has the force of law, does not expressly recognize the right of the pedestrian starting to cross an intersection with a green light to continue her passage to the other side, the regulation, read as a whole, supports the implication that such is her right. While the question has never been decided flatly in the First Department, such a view is in

accord with that held in the Second Department. (*Nazinitsky* v. *Sincoff*, 258 App. Div. 742; *Geraci* v. *Bodkin*, 273 App. Div. 1012; *D'Alcamo* v. *Goldbach*, 256 App. Div. 948; see, also, *Deliantis* v. *United States*, 228 F. 2d 194.) This would also seem to be the majority view in other jurisdictions. (164 A. L. R. 28 *et seq.* and the cases cited therein.) Such also appears to be the view of the text writers who have considered the question with reference to New York State (1 N. Y. Auto Law, § 457, p. 389; 6 Warren's Negligence, § 399).

In New York State, outside New York City, this right of continued passage has been the rule for a long time. Of course, the Vehicle and Traffic Law, which is applicable to the entire State, except for the City of New York, is quite explicit in its requirements. Thus, it is provided in section 85 of that statute, as follows: " 1. At intersections where traffic is controlled only by traffic control signals, pedestrians shall cross the roadway only on a green or ' walk ' signal and operators of vehicles shall yield the right of way to pedestrians who are crossing or who have started to cross the roadway on a green or ' walk ' signal.'' The statute has, of course, been applied in the cases (e.g., *Goodman* v. *Brown*, 164 Misc. 145; cf. *Jacobson* v. *Meister*, 279 App. Div. 1121; 6 Warren's Negligence, § 399).*

To be clearly distinguished from the problem presented in this case is the so-called " equal rights " situation, which obtains when a pedestrian and a motor vehicle are both proceeding under their respective rights of way, that is, with green lights controlling their movement. The latter is the situation where both start from the same direction, with the motorist about to make a right or left turn on a green light while the pedestrian is using the crosswalk, also with the same green light in her favor.

---

*Effective July 1, 1958, a new statute will take effect providing for a uniform rule throughout the State, inclusive of New York City (L. 1957, ch. 698). In the new traffic code it is provided that, when the light is green alone, the following applies:

" 1. Vehicular traffic facing such signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic, including vehicles turning right or left, shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection or an adjacent crosswalk at the time such signal is exhibited.

" 2. Pedestrians facing such signal may proceed across the roadway within any marked or unmarked crosswalk." (Vehicle and Traffic Law, § 1111, eff. July 1, 1958.)

It is rather clear, then, that the policy, as expressed in the cases and in legislation, favors the view granting the pedestrian a continuing right of way once he has proceeded to cross an intersection on a green light in his favor. Of course, cogent argument can be made for a contrary view, but it supports only a minority position.

A case in this department which sustained a refusal to charge a jury that the plaintiff was entitled to complete a crossing once he had started with the light in his favor is that of *Schaffer* v. *Gambetta* (261 App. Div. 132). In that case, however, there was involved the " equal rights " situation referred to above, namely, a motorist making a right turn on a green light into the path of the pedestrian, who was also crossing on the same green light. The case was subsequently affirmed in the Court of Appeals (287 N. Y. 796), the court stating that it would not consider the correctness of the request to charge because of the theory upon which the case had been tried. (See, also, *Rivisto* v. *Heller,* 253 App. Div. 351; *Witkin* v. *Charles D. Beckwith, Inc.,* 238 App. Div. 328, affd. 263 N. Y. 560, which touch only on the periphery of the problem presented here.)

Consequently, the majority view should be followed, especially since there is no contrary binding authority requiring this court to do otherwise. This does not mean, however, that the pedestrian does not continue to have a duty, under all the circumstances, to be careful and to heed the dangers that confront him. He has a right of way, but not a right to self-inflicted mayhem for which the defendant can be held liable (6 Warren's Negligence, § 399, p. 281).

So, in this case, plaintiff was entitled to a charge that, once having started to cross with a green light in her favor, she had the right to continue to the other side of the street. To this right of way defendant had the duty to defer. Plaintiff would, nevertheless, have been obliged to exercise due care, in the light of all the circumstances, in the exercise of her right of way. The situation would not be unlike that of a motorist who is proceeding with a green light; he is not discharged from liability, if, from carelessness, he runs down a pedestrian in his path, whose presence there interferes with the motorist's right of way and is not himself protected by any right of way. The reason is that the statutory rules of the road do not establish liability per se, but merely provide evidence, prima facie, of negligence which the jury may consider in connection with all other relevant proven facts. (*Amberg* v. *Kinley,* 214 N. Y. 531; *Martin* v. *Herzog,* 228 N. Y. 164; see, also, *Daggett* v. *Keshner,* 284 App. Div. 733, 735.) Neither may, to the exclusion of everyone and everything about him, rely solely on his right of way.

There was, also, an improper exclusion of evidence. When plaintiff offered the testimony of her medical expert, defendant conceded his qualification. This concession was rejected by plaintiff's counsel, who persisted in offering the evidence. The court, nevertheless, refused to permit plaintiff to develop the

qualification of the expert. Since the jury had the duty of evaluating the testimony of the expert, plaintiff was entitled to have the jury know his material professional qualifications, and a concession by defendant could not inhibit that right. (Cf. *Meiselman* v. *Crown Heights Hosp.*, 285 N. Y. 389, 398–399; *Hoag* v. *Wright,* 174 N. Y. 36, 42 *et seq.*; 88 C. J. S., Trial, § 58, p. 163.) Of course, this does not mean that a trial court, in the exercise of discretion, would not be justified in curtailing an unnecessarily protracted qualification of an expert witness.

Since this case will require retrial, it should also be noted that the trial court's comment with regard to plaintiff's necessitous conditions was not advisable, nor were the references to public and private welfare agencies being available to take care of appropriate cases merited in negativing any tendencies by the jury to have sympathy for plaintiff.

Accordingly, the verdict and judgment in favor of defendant should be reversed, on the law, and a new trial granted, with costs of this appeal to abide the event.

RABIN, McNALLY, BERGAN and BASTOW, JJ., concur.

Judgment unanimously reversed upon the law, and a new trial ordered, with costs to the appellant to abide the result of the final judgment in the action.