Frederick ROGERS, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 64, Docket 27081.

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1961.

Decided Nov. 15, 1961.

(1940), aff'd mem., 285 N.Y. 824, 35 N.E. 2d 498 (1941), we see no reason to disturb the trial judge's finding. He chose to disbelieve the plaintiff's testimony, and we are not convinced that he committed "clear error." Federal Rule of Civil Procedure 52(a); United States v. United States Gypsum Co., 333 U.S. 364, 394–95, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

Morris Weissberg, New York City (John J. DeLury, New York City, on the brief), for plaintiff-appellant.

Anthony H. Atlas, Asst. U. S. Atty., Southern Dist. of New York, New York City (Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and MEDINA and MARSHALL, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the United States in an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. Plaintiff was struck by a United States Post Office vehicle on Eighth Avenue between 112th and 113th Streets in New York City as he emerged from behind a double-parked garbage truck, on which he was working, to cross the street. The trial court found no negligence on the part of the Post Office driver, and contributory negligence on the part of the plaintiff in crossing the heavily travelled street without taking due care to observe approaching traffic.

The trial judge explicitly found that the proximate cause of the accident was the contributory negligence of the plaintiff. Considering that under New York law the burden was on the plaintiff to show absence of contributory negligence, see, e. g., Nilson v. Oppenheimer, 260 App.Div. 670, 23 N.Y.S.2d 621