**Hugo WOLFF, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.

Jan. 14, 1963.

Emelia P. Kazimiroff, New York City, for plaintiff. Milton Wittels, New York City, of counsel.

Vincent Broderick, U. S. Atty., for defendant. John Hanna, Jr., New York City, of counsel.

McLEAN, District Judge.

This is an action for damages for personal injuries, consisting primarily of a fractured left knee and a sprained left hip, sustained by plaintiff at approximately 2 o'clock in the afternoon of January 11, 1961. Plaintiff, a pedestrian, was crossing Coddington Avenue in the Bronx, at the point where Coddington Avenue runs into East Tremont Avenue. Plaintiff claims that he was struck by a post office truck operated by Sidney T. Friedman, a post office employee.

At the trial in December 1962, plaintiff, then 84 years of age, obviously was in a state of senility so advanced as to seriously impair his memory. His testimony as to what occurred on January 11, 1961 was so incoherent as to make it difficult for the court to determine what his version of the facts was. Friedman, defendant's driver, testified that he did not see his truck hit plaintiff and that he did not even know that plaintiff had been injured until he was stopped by a call from a bystander after he had proceeded some distance from the scene of the accident. Defendant's witness, Jones, the only other witness who was present at the time, was so situated that he could not see plaintiff lying in the

street until after the truck had passed. There is thus no clear testimony from anyone as to the actual impact, which leads defendant to suggest that plaintiff was not struck by the truck at all, but that he slipped or fell by himself.

Friedman did testify, however, that he heard plaintiff state to the police officer immediately after the accident that "the side or the back of the truck hit me."

I accept this testimony and find that plaintiff was thrown to the pavement and injured as a result of contact between plaintiff and defendant's truck.

Coddington Avenue runs north and south. East Tremont Avenue runs east and west. Coddington runs into East Tremont at a right angle and ends there. It does not extend south beyond East Tremont. There is a traffic light on the northeast corner of the intersection, and another on East Tremont at what would be the southwest corner if Coddington extended south of the intersection.

Plaintiff was walking east, attempting to cross from the northwest corner to the northeast corner of the intersection. Defendant's truck came down Coddington Avenue in a southerly direction. When it reached the corner it turned left, i. e., east, onto East Tremont. Jones, a wholly disinterested witness, whose testimony I accept, was sitting in his car on East Tremont on the east side of the intersection, facing west. His car was stopped because the light was red against him on East Tremont, and therefore green in favor of defendant's truck on Coddington. He saw defendant's truck come down Coddington at a speed of between 10–15 miles per hour. He saw it enter the intersection and turn east on East Tremont. After the truck had turned, Jones saw plaintiff lying in the street near the northwest corner of the intersection. Jones did not see plaintiff until after the truck had passed. He did not see any contact between the truck and plaintiff. It would appear that he would have seen it if plaintiff had been ahead of the truck. It is clear, therefore, that plaintiff was not struck by the front of the truck. The impact must have been on its side.

Friedman testified that when he returned to the scene, he found plaintiff lying from 5 to 10 feet east of the northwest corner of the intersection. In his examination before trial, offered in evidence by plaintiff, Friedman estimated this distance at approximately 15 feet. Plaintiff's body was partly on the crosswalk and partly on East Tremont immediately south of the crosswalk. Bearing in mind that these estimates of distance are not necessarily precise, it seems reasonable, and I so find, that plaintiff was in the crosswalk at a point at least 10 feet out from the curb when he came into contact with the truck.

The evidence is undisputed that although there were automobiles parked along the west side of Coddington Avenue, there were none nearer than 25 feet from the corner. Within that distance, therefore, a driver of a vehicle going south on Coddington Avenue would have had an uninterrupted view of the western curb. Friedman testified that as he approached the intersection he looked in both directions and saw no one. Yet it is obvious that plaintiff was there, for the impact occurred an instant later. The weather was clear and dry. It was broad daylight. If Friedman had looked carefully, he must have seen plaintiff. Friedman either did not look at all or he did not look carefully.

By the same token, plaintiff must have had an uninterrupted view of the approaching truck. In his case also it is clear that either he did not look or that he did not look carefully.

Friedman testified that as he approached the corner he veered slightly to the right before starting his left turn. Plaintiff's theory is that this caused the rear end of the truck to swing out to the right and hit plaintiff. The evidence, however, indicates the contrary. The testimony of defendant's expert, on the basis of actual tests, was to the effect that when a vehicle, proceeding in a straight line at 20 miles

per hour, makes a left turn, the arc of the rear wheels is inside the arc of the front wheels. In other words, the rear end of the vehicle is actually more to the left than the front end. He testified that in his opinion there would be no difference in this result if the vehicle had moved slightly to the right before starting its left turn. No evidence was offered by the plaintiff to rebut this testimony, and I accept it as correct.

■ It is also plaintiff's theory that the traffic light was green in his favor when he stepped off the curb and that it suddenly changed to red when he was in the street. This seems highly unlikely. Jones' testimony tends to disprove it. His testimony indicates that the light was green in favor of traffic on Coddington Avenue throughout the brief period during which the truck approached the intersection and made its turn. Moreover, even if the light had been in plaintiff's favor at the moment when he left the curb, thereby giving plaintiff the right of way, this would not justify him in continuing blindly ahead after it turned red with no regard for his own safety. Counihan v. Werbelovsky's Sons, 5 A.D.2d 80, 168 N.Y.S.2d 829 (1st Dept. 1957).

■ The evidence convinces me that this accident occurred because plaintiff walked into the side of defendant's truck.

I conclude that defendant's driver was negligent in not observing plaintiff. I conclude that plaintiff was also negligent, and that his negligence contributed to the accident. Recovery under the Tort Claims Act is therefore barred. Rogers v. United States, 296 F.2d 122 (2nd Cir., 1961).

Pursuant to Rule 52(a) this opinion constitutes the court's findings of fact and conclusions of law.

Defendant's motion to dismiss the complaint made at the close of the entire case is granted. The Clerk is directed to enter judgment in favor of defendant. So ordered.