Wray v Galella (2019 NY Slip Op 04228)





Wray v Galella


2019 NY Slip Op 04228


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-03557
 (Index No. 10172/15)

[*1]Adrienne Wray, appellant, 
v
James F. Galella, respondent.


Banilov & Associates, P.C., Brooklyn, NY (Harlan A. Wittenstein of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated November 16, 2016. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence is granted.
The plaintiff pedestrian allegedly was injured when she was struck by a vehicle owned and operated by the defendant as she crossed at an intersection in Queens. It is undisputed that at the time of the accident, the plaintiff was walking within the crosswalk and that the defendant was making a left turn. According to the plaintiff, the pedestrian "WALK" signal was in her favor.
Thereafter, the plaintiff commenced this action against the defendant to recover damages for her personal injuries. The defendant interposed an answer which included, inter alia, an affirmative defense alleging that the plaintiff was comparatively negligent in the happening of the accident.
Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence. In opposition to the motion, the defendant argued, inter alia, that the plaintiff failed to establish, prima facie, her freedom from comparative negligence. The Supreme Court denied the motion, and the plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tyganash v Auto Fleet Mall Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325; see Odetalla v Rodriguez, 165 AD3d 826, 826; Outar v Sumner, 164 AD3d 1356, 1356; Edgerton v City of New York, 160 AD3d 809, 811). Even though a plaintiff is no longer required to establish his or her freedom from comparative negligence, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative [*2]negligence (see Poon v Nisanov, 162 AD3d 804, 808).
"A pedestrian who has the right of way is entitled to anticipate that motorists will obey the traffic laws that require them to yield" (Huang v Franco, 149 AD3d 703, 703). Nevertheless, a pedestrian who crosses in a crosswalk with the right-of-way may still be held comparatively negligent if he or she failed to notice an oncoming vehicle that could have been seen by the exercise of ordinary care (see Quintavalle v Perez, 139 AD3d 182).
Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by submitting her own affidavit, which demonstrated that she was walking within a crosswalk, with the pedestrian signal in her favor, when the defendant failed to yield the right-of-way and struck her (see Lazarre v Gragston, 164 AD3d 574, 575; Torres v Werner Bus Lines, Inc., 157 AD3d 624, 624; Hines v New York City Tr. Auth., 112 AD3d 528, 529; Perez-Hernandez v M. Marte Auto Corp., 104 AD3d 489, 490). The plaintiff's affidavit was also sufficient to establish, prima facie, that the plaintiff was not at fault in the happening of the accident, as it demonstrated that she exercised due care by confirming that she had the pedestrian signal in her favor and by looking for oncoming traffic in all directions before entering the crosswalk and that the collision occurred so suddenly that she could not avoid it (see Dunajski v Kirillov, 148 AD3d 991, 992; Gomez v Novak, 140 AD3d 831, 831). In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact as to his negligence or whether the plaintiff was comparatively at fault in the happening of the accident.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court