Shin v Ljulja (2023 NY Slip Op 04740)

Shin v Ljulja

2023 NY Slip Op 04740

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 156225/21 Appeal No. 635 Case No. 2023-03149 

[*1]Young J. Shin, Plaintiff-Appellant,
v
Sead Ljulja, Defendant-Respondent.

Steven Louros, New York, for appellant.
Law Office of Dennis C. Bartling, Melville (Amber Derrick of counsel), for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered May 23, 2023, which denied plaintiff's motion for summary judgment on the issue of liability and to dismiss the affirmative defense of comparative negligence, unanimously reversed on the law, without costs, and the motion granted.
Plaintiff pedestrian established prima facie entitlement to judgment on liability as a matter of law by submitting evidence demonstrating that she was crossing Broadway, within the crosswalk, with a "walk" sign in her favor, after looking both ways, when defendant's vehicle, which was making a left turn onto Broadway, struck her from behind on her right side, pinning and dragging plaintiff under the vehicle and causing severe injuries to her right leg (see Hines v New York City Transit Auth., 112 AD3d 528, 529 [1st Dept 2013]). Plaintiff's version of the accident is supported by the police report showing damage solely to the front driver side of the defendant's vehicle following the accident and the medical reports and photographs showing the injuries to plaintiff's right leg.
A plaintiff, who is struck by a vehicle that approaches from behind and to the right after turning left into the crosswalk where it struck plaintiff, may not be held comparatively negligent based on a theory that she could have seen and avoided the vehicle through the exercise of ordinary care (see Quintavalle v Perez, 139 AD3d 182, 187 [1st Dept 2016]). Defendant fails to proffer a nonnegligent explanation for striking the plaintiff (see Hines v New York City Transit Auth., 112 AD3d at 529 [1st Dept 2013]. Accordingly, the motion court erred in finding that defendant's affidavit — namely, the assertion that he did not see plaintiff as he drove through the crosswalk (after permitting 10 pedestrians to cross) and "heard a sound" behind his driver's side door as he exited the crosswalk — was sufficient to raise an issue of fact as to defendant's negligence or to plaintiff's comparative negligence.
We have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023