JOSE LOPEZ, Respondent, v WS DISTRIBUTION, INC., Appellant. [825 NYS2d 516]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kramer, J.), dated May 5, 2006, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff established his prima facie entitlement to summary judgment on the issue of liability through his affidavit wherein he set forth that he was struck by the defendant's forklift as it was being operated in reverse, thereby shifting the burden to the defendant to produce sufficient evidentiary proof in admissible form to show the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In response, the defendant failed to present admissible evidence sufficient to raise a triable material issue of fact sufficient to defeat the motion (*see Zuckerman v City of New York, supra*). The unsupported assertion by the defendant's employee, who was operating the forklift, that the plaintiff walked behind the forklift causing the accident was insufficient to raise an issue of fact regarding the plaintiff's comparative negligence where the defendant's employee never stated where he was looking prior to the accident or whether he saw the plaintiff prior to the accident and if he did, why he could not avoid striking him.

Moreover, contrary to the defendant's contention, the motion was not premature, as it failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]) and that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636 [2006]; *Baron v Incorporated Vil. of Freeport*, 143 AD2d 792 [1988]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion (*see Arbizu v REM Transp., Inc.*, 20 AD3d 375 [2005]; *Kershis v City of New York*, 303 AD2d 643 [2003]; *Associates Commercial Corp. v Nationwide Mut. Ins. Co.*, 298 AD2d 537 [2002]; *Drug Guild Distribs. v 3-9 Drugs*, 277 AD2d 197 [2000]; *Weltmann v RWP Group*, 232 AD2d 550 [1996]; *Maz-*

*zaferro v Barterama Corp.*, 218 AD2d 643 [1995]). Accordingly, the Supreme Court correctly granted the plaintiff's motion. Florio, J.P., Krausman, Mastro and Covello, JJ., concur.