■ OSCAR TORRES, Respondent, v AMERICAN BUILDING MAINTENANCE CO. OF NY et al., Appellants, et al., Defendant. [858 NYS2d 360]—

In a consolidated action to recover damages for personal injuries, the defendants American Building Maintenance Co. of NY, 425 T35 FG LLC, and Hiro Real Estate, LLC, appeal from (1) an order of the Supreme Court, Kings County (Schack, J.), dated June 15, 2007, and (2) an order of the same court dated June 25, 2007, which granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability and directed an immediate trial on the issue of damages pursuant to CPLR 3212 (c), and denied their application to have a court stenographer transcribe the oral argument of the plaintiff's motion.

Ordered that the appeal from the order dated June 15, 2007 is dismissed as abandoned; and it is further,

Ordered that the notice of appeal from so much of the order dated June 25, 2007, as denied the application of the defendants American Building Maintenance Co. of NY, 425 T35 FG LLC, and Hiro Real Estate, LLC, to have a court stenographer transcribe the oral argument of the plaintiff's motion is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order dated June 25, 2007 is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff established his prima facie entitlement to judgment as a matter of law on his cause of action alleging negligence by submitting evidence demonstrating that, in violation of the protocol established for the operation of freight elevators, the defendant Rafael Valdez, an employee of the defendant American Building Maintenance Co. of NY, operated controls to lower the gate of a freight elevator with his back to the descending gate, and without first looking to insure that the area was clear, causing it to strike the plaintiff on the head (see Lopez v WS Distrib., Inc., 34 AD3d 759, 760-761 [2006]). In opposition, the appellants failed to raise a triable issue of fact as to the

plaintiff's comparative negligence (*see Lopez v WS Distrib., Inc.,* 34 AD3d at 760-761).

Contrary to the appellants' contention, they have failed to offer an evidentiary basis demonstrating that further discovery may lead to relevant evidence, as opposed to mere hope and speculation as to what additional discovery would uncover (*see Kimyagarov v Nixon Taxi Corp.,* 45 AD3d 736 [2007]; *Lopez v WS Distrib., Inc.,* 34 AD3d at 760; *Rodgers v Yale Univ.,* 283 AD2d 415, 416 [2001]; *Martinez v City of New York,* 276 AD2d 756, 757 [2000]). Further, the Supreme Court did not improvidently exercise its discretion in ordering an immediate trial on the issue of damages pursuant to CPLR 3212 (c).

There is no merit to the appellants' assertion that a court stenographer should have transcribed the oral argument of the motion (*see* Judiciary Law § 295; *Feuer v HASC Summer Program,* 247 AD2d 429, 430 [1998]; *Stevenson v City of Rome,* 237 AD2d 946 [1997]).

Although the appellants appeal from an order dated June 15, 2007, which granted that branch of the plaintiff's motion which was to consolidate two related actions, they raise no arguments relating to the propriety of that order. Accordingly, the appeal from the order dated June 15, 2007 is dismissed as abandoned (*see M & W Registry, Inc. v Shah,* 46 AD3d 771 [2007]).

The appellants' remaining contentions are without merit. Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.