■ LEEDS, MORELLI & BROWN, P.C., Respondent, v CONNIE HERNANDEZ et al., Defendants and Third-Party Plaintiffs-Appellants. MICHAEL A. GENTILE et al., Third-Party Defendants; LEEDS, MORELLI & BROWN, P.C., et al., Third-Party Defendants-Respondents. [866 NYS2d 311]—In an action for injunctive relief and to recover damages for breach of two settlement agreements, (1) the defendants appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 10, 2006, which granted the motion of the plaintiff Leeds, Morelli & Brown, P.C., and the third-party defendants Lenard Leeds, Steven A. Morelli, and Jeffrey K. Brown for summary judgment on the complaint and dismissing the counterclaim and third-party complaint insofar as asserted against them, (2) the defendant Connie Hernandez appeals from a judgment of the same court entered February 7, 2007, which, upon the order, inter alia, is in favor of the plaintiff and against her in the total sum of

$73,680.74, and (3) the defendant L'Oreal Diaz appeals from a judgment of the same court, also entered February 7, 2007, which, upon the order, among other things, is in favor of the plaintiff and against her in the total sum of $66,926.67.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants and third-party plaintiffs-appellants.

In opposition to the plaintiff's prima facie showing that the appellants breached the subject settlement agreements, the appellants failed to raise a triable issue of fact (see Jackson Hgts. Care Ctr., LLC v Bloch, 39 AD3d 477 [2007]). Contrary to the appellants' contention, they failed to offer an evidentiary basis demonstrating that further discovery may lead to relevant evidence, as opposed to mere hope and speculation as to what additional discovery would uncover (see Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737 [2007]; Lopez v WS Distrib., Inc., 34 AD3d 759 [2006]). Accordingly, the Supreme Court properly granted that branch of the motion which was for summary judgment on the complaint.

Furthermore, the Supreme Court properly dismissed the counterclaim and third-party complaint insofar as asserted against the plaintiff Leeds, Morelli & Brown, P.C., and the third-party defendants Lenard Leeds, Steven A. Morelli, and Jeffrey K. Brown. "To avoid a release on the ground of fraud, a party must allege every material element of that cause of action with specific and detailed evidence in the record sufficient to establish a prima facie case" (Shklovskiy v Khan, 273 AD2d 371, 372 [2000]). Here, the appellants' allegations of fraud were insufficient to avoid the release (see Liling v Segal, 220 AD2d 724, 726 [1995]).

The appellants' remaining contentions are unpreserved for appellate review, are without merit, or need not be reached in light of our determination. Rivera, J.P., Dillon, Covello and Angiolillo, JJ., concur.