■ Moshe Weinberg et al., Appellants, v JAF Color Labs, Inc., Respondent. [870 NYS2d 382]—

The infant plaintiff allegedly sustained personal injuries when he fell onto a glass merchandise display case located inside of the defendant's store. The infant plaintiff and his parents commenced this action, alleging, inter alia, that the defendant was negligent in maintaining its property. Specifically, they alleged that the defendant failed to install shatterproof glass in the merchandise display case. The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. We affirm.

Owners and business proprietors have a duty to maintain their property " 'in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Peralta v Henriquez*, 100 NY2d 139, 144 [2003], quoting *Basso v Miller*, 40 NY2d 233, 241 [1976]; *see Dabnis v West Islip Pub. Lib.*, 45 AD3d 802, 803 [2007]). Here, the Supreme Court properly found that the defendant established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The defendant submitted evidence that the subject glass merchandise display case was in good condition. Moreover, there is no contention that the defendant violated any applicable statute or code. In opposition, the plaintiffs failed to raise a triable issue of fact.

Contrary to the plaintiffs' contention, "they failed to offer an evidentiary basis demonstrating that further discovery may lead to relevant evidence, as opposed to mere hope and speculation as to what additional discovery would uncover" (*Leeds, Morelli & Brown, P.C. v Hernandez,* 55 AD3d 794 [2008]; *see Torres v American Bldg. Maintenance Co. of NY,* 51 AD3d 905, 906 [2008]). Spolzino, J.P., Dillon, Carni and Leventhal, JJ., concur.