■ JANET MARTINEZ, Appellant, v SVETLANA KREYCHMAR, Respondent. [923 NYS2d 648]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 22, 2010, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

In support of her motion for summary judgment on the issue of liability, the plaintiff pedestrian demonstrated that she was walking within a crosswalk, with the pedestrian signal in her favor, when the defendant's car failed to yield the right-of-way and struck her at a high rate of speed. The plaintiff further demonstrated that, exercising due care, she had looked in all directions to check for approaching vehicles before she entered the intersection. Contrary to the Supreme Court's conclusion, this proof was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability, including her freedom from comparative fault (*see Rosenblatt v Venizelos*, 49 AD3d 519, 520 [2008]; *see also Lariviere v New York City Tr. Auth.*, 82 AD3d 1165 [2011]; *Qamar v Kanarek*, 82 AD3d 860 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]; *Cavitch v Mateo*, 58 AD3d 592, 592-593 [2009]; *Jermin v APA Truck Leasing Co.*, 237 AD2d 255 [1997]; *cf. Yuen Lum v Wallace*, 70 AD3d 1013, 1014 [2010] [plaintiff failed to state in his affidavit that he had "entered the crosswalk where the accident occurred with reasonable care"]; *see generally Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]). As the defendant failed to offer any evidence in opposition, the plaintiff was entitled to summary judgment on the issue of liability.

Moreover, the motion for summary judgment was not premature, since the defendant failed "to offer an evidentiary basis to show that discovery may lead to relevant evidence and that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff" (*Cavitch v Mateo*, 58 AD3d at 593; *see Woodard v Thomas*, 77 AD3d 738, 740 [2010]; *Conte v Frelen Assoc., LLC*, 51 AD3d 620, 621 [2008]). The defendant's " 'mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered' by further discovery is an insufficient basis for denying the motion" (*Woodard v Thomas*, 77 AD3d 738, 740 [2010], quoting *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Conte v Frelen Assoc., LLC*, 51 AD3d at 621). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.