■ RUSUDAN ARAZASHVILLI et al., Respondents, v EXECUTIVE FLEET MANAGEMENT, CORP., et al., Appellants. [934 NYS2d 341]—

The plaintiffs allegedly sustained personal injuries when, as pedestrians, they were struck by a vehicle owned by the defendant Executive Fleet Management, Corp. and operated by the defendant Segundo F. Machagilla Pinto at an intersection which was controlled by traffic lights. The plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that they exercised due care and were crossing the street within a crosswalk with the traffic light in their favor when they were struck by the defendants' vehicle (*see Martinez v Kreychmar*, 84 AD3d 1037 [2011]; *Rosenblatt v Venizelos*, 49 AD3d 519 [2008]; *see also Lariviere v New York City Tr. Auth.*, 82 AD3d 1165 [2011]; *Qamar v Kanarek*, 82 AD3d 860 [2011]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]). In opposition, the defendants failed to raise a triable issue of fact. The defendant driver did not submit an affidavit setting forth his version of how the accident occurred.

Moreover, the defendants failed to establish that the plaintiffs' motion for summary judgment was premature, because they did not demonstrate that additional discovery might lead to relevant evidence, or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiffs (*see Martinez v Kreychmar*, 84 AD3d 1037 [2011]; *Davis v Rochdale Vil., Inc.*, 83 AD3d 991 [2011]; *Deleg v Vinci*, 82 AD3d 1146 [2011]; *Rainford v Sung S. Han*, 18 AD3d 638 [2005]). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]).

Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. Florio, J.P., Balkin, Belen and Chambers, JJ., concur.