■ DANIEL BUCHINGER et al., Respondents, v JAZZ LEASING CORP. et al., Appellants. [944 NYS2d 316]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Siegal, J.), entered September 22, 2011, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment on the issue of liability, the plaintiffs demonstrated that the plaintiff pedestrian, Daniel Buchinger, was walking within a crosswalk, with the pedestrian signal in his favor, when the car owned by the defendant Jazz Leasing Corp., and operated by the defendant Marilyn A. Jones, failed to yield the right of way, and struck him. The plaintiffs further demonstrated that, in exercising due care, the plaintiff pedestrian had looked in all directions to check for approaching vehicles before he entered the intersection. As the Supreme Court correctly found, this proof was sufficient to establish the plaintiffs' prima facie entitlement to judgment as a matter of law on the issue of liability, including that the plaintiff pedestrian was free from comparative fault (*see Rosenblatt v Venizelos*, 49 AD3d 519 [2008]; *see also Hamilton v King Tung Kong*, 93 AD3d 821 [2012]; *Azeem v Cava*, 92 AD3d 821 [2012]; *Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d 682 [2011]; *see generally Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]).

In opposition, the defendants failed to raise a triable issue of fact. Jones's deposition testimony was internally inconsistent and also contradicted her earlier admission, contained in a police accident report. Further, the defendants made no effort to dispute the accuracy of Jones's statement in that police accident report (*see Rosenblatt v Venizelos*, 49 AD3d 519 [2008]). It appears that the inconsistency was designed to raise feigned factual issues in an effort to avoid the consequences of the earlier admission contained in the police accident report (*id.*; *see Nieves v JHH Transp., LLC*, 40 AD3d 1060, 1060 [2007]).

Moreover, the motion for summary judgment was not premature since the defendants failed to demonstrate that additional discovery may lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiffs (*see Savage v Quinn*, 91 AD3d 748, 750 [2012]; *Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d 682 [2011]; *Martinez v Kreychmar*, 84

AD3d 1037 [2011]). "The 'mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered' by further discovery is an insufficient basis for denying the motion" (*Woodard v Thomas*, 77 AD3d 738, 740 [2010], quoting *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d 682 [2011]; *Martinez v Kreychmar*, 84 AD3d 1037 [2011]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.