■ ARTURO BERRIOS-LEMUS, Respondent, v VILLAGE OF SPRING VALLEY et al., Appellants. [995 NYS2d 736]—

In an action to recover damages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Rockland County (Loehr, J.), entered March 4, 2014, which, upon an order of the same court dated February 27, 2014, granting the plaintiff's motion for summary judgment on

the issue of liability, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

The plaintiff allegedly was injured when he was struck by a police vehicle owned by the defendant Village of Spring Valley and operated by the defendant Lech Rosenbaum while he was walking in a cross walk in the Village of Spring Valley. As a result of this incident, the plaintiff commenced an action against the defendants to recover damages for personal injuries. After issue was joined, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and thereafter, entered an interlocutory judgment in favor of the plaintiff and against the defendants on the issue of liability.

The evidence submitted by the plaintiff established, prima facie, his entitlement to judgment as a matter of law on the issue of liability, and that he was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Ramos v Bartis*, 112 AD3d 804 [2013]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053, 1053 [2012]). The plaintiff demonstrated that before crossing he waited for the traffic signal to be in his favor, and that prior to entering the crosswalk he exercised due care by looking in both directions of the roadway (*see Buchinger v Jazz Leasing Corp.*, 95 AD3d at 1053; *Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011]). While crossing, he observed the police vehicle operated by Rosenbaum approach the intersection and slow down. Believing that it was going to stop, as the red light was against it, he continued to cross. He was struck by the vehicle before he could finish crossing. In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.

Furthermore, contrary to the defendants' contentions, the motion was not premature. The defendants failed to demonstrate "that additional discovery may lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff[ ]" (*Buchinger v Jazz Leasing Corp.*, 95 AD3d at 1053; *see Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d 682 [2011]). "The 'mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered' by further discovery is an insufficient basis for denying the motion" (*Woodard v Thomas*, 77 AD3d 738, 740 [2010], quoting *Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d at 683; *Martinez v Kreychmar*, 84 AD3d at 1038).

Accordingly, the Supreme Court properly entered an interlocutory judgment in favor of the plaintiff and against the defendants, upon the order granting the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Chambers, Sgroi and LaSalle, JJ., concur.