■ OLIVIA MARRICCO, an Infant, by Her Mother and Natural Guardian, SUZANNE MARRICCO, et al., Appellants-Respondents, v BEST PLUMBING SUPPLY, INC., Doing Business as BEST PLUMBING TILE & STONE, Defendant/Third-Party Plaintiff-Respondent-Appellant. CENTURY BATHWORKS, INC., Third-Party Defendant-Respondent. [4 NYS3d 241]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered January 7, 2013, which granted the defendant/third-party plaintiff's motion for summary judgment dismissing the complaint, granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint, and denied, as academic, their cross motion to strike the answer of the defendant/third-party plaintiff or to preclude it from asserting certain defenses based upon spoliation of evidence, and (2) the defendant/third-party plaintiff cross-appeals from so much of the same order as granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint.

Ordered that the appeal by the plaintiffs from so much of the order as granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed on the appeal and insofar as cross-appealed from; and it is further,

Ordered that the defendant/third-party plaintiff is awarded one bill of costs, payable by the plaintiffs, and the third-party defendant is awarded one bill of costs, payable by the defendant/third-party plaintiff.

A defendant property owner who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence (see Bravo v 564 Seneca Ave. Corp., 83 AD3d 633, 634 [2011]; Bloomfield v Jericho Union Free School Dist., 80 AD3d 637, 638 [2011]; Pryzywalny v New York City Tr. Auth., 69 AD3d 598 [2010]).

Here, the defendant/third-party plaintiff established, prima facie, that it neither created the alleged dangerous condition nor had actual or constructive notice of it (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]; Quinones v Federated Dept. Stores, Inc., 92 AD3d 931, 932 [2012]; Dos Santos v Power Auth. of State of N.Y., 85 AD3d 718, 721 [2011]; Weinberg v JAF Color Labs, Inc., 57 AD3d 769 [2008]; cf. Karathanasis v Eastchester Union Free Sch. Dist., 119 AD3d 904 [2014]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Von Ohlen v East Meadow Union Free Sch. Dist., 114 AD3d 668, 669 [2014];

*Bergin v Town of Oyster Bay*, 51 AD3d 698, 699 [2008]; *Soldano v Bayport-Blue Point Union Free School Dist.*, 29 AD3d 891, 891 [2006]).

Accordingly, the Supreme Court properly granted the defendant/third-party plaintiff's motion for summary judgment dismissing the complaint, properly granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party complaint, and properly denied, as academic, the plaintiffs' cross motion to strike the answer of the defendant/third-party plaintiff or to preclude it from asserting certain defenses based upon spoliation of evidence. Mastro, J.P., Leventhal, Miller and Maltese, JJ., concur.