■ MAGDALENA CHOU, Appellant, v OCEAN AMBULETTE SERVICE, INC., et al., Respondents, et al., Defendant. [16 NYS3d 593]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 19, 2014, as denied, without prejudice to renewal upon the completion of discovery, that branch of her motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.

On May 29, 2012, at approximately 12:30 p.m., the plaintiff was crossing Ocean Avenue at its intersection with Jerome Avenue in Brooklyn, when she was struck by an ambulette owned by the defendant Ocean Ambulette Service, Inc. (hereinafter Ocean Ambulette), and operated by the defendant Nuvakh Izrailov (hereinafter the defendant driver), which was turning left from Jerome Avenue onto Ocean Avenue. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The plaintiff moved for, inter alia, summary judgment on the issue of liability against Ocean Ambulette and the defendant driver. The Supreme Court denied, without prejudice to renewal upon the completion of discovery, that branch of the plaintiff's motion which was for summary judgment on the issue of liability. We reverse the order insofar as appealed from.

The evidence submitted by the plaintiff established, prima facie, her entitlement to judgment as a matter of law on the issue of liability, and that she was free from comparative fault (see *Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Berrios-Lemus v Village of Spring Val.*, 122 AD3d 650, 651 [2014]; *Ramos v Bartis*, 112 AD3d 804 [2013]; *Buchinger v Jazz Leasing Corp.*, 95 AD3d 1053 [2012]; *Azeem v Cava*, 92 AD3d 821 [2012]; *Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d 682, 683 [2011]; *Qamar v Kanarek*, 82 AD3d 860, 861 [2011]). The plaintiff established that she waited for the pedestrian signal to be in her favor prior to entering the crosswalk, and that she exercised due care by looking in both directions along Ocean Avenue, and for any vehicles turning left from Jerome Avenue, before she entered the crosswalk (see *Buchinger v Jazz Leasing Corp.*, 95 AD3d at 1053; *Martinez v Kreychmar*, 84 AD3d 1037, 1038 [2011]). While crossing at a steady normal pace, and having almost completed crossing Ocean Avenue in the crosswalk, the plaintiff was struck by the vehicle operated by the defendant driver, which came from behind the plaintiff and failed to yield the right-of-way (see *Castiglione v Kruse*, 130 AD3d 957 [2015]). In opposition, the defendants failed to raise a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Furthermore, contrary to the defendants' contentions, the motion was not premature. The defendants failed to demonstrate "that additional discovery may lead to relevant evidence

or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff" (*Buchinger v Jazz Leasing Corp.*, 95 AD3d at 1053; *see Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d 682, 683 [2011]). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered by further discovery is an insufficient basis for denying the motion (*see Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d at 683; *Martinez v Kreychmar*, 84 AD3d at 1038).

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.