■ SANDRA PELIKAN, Appellant, v KAREN LATNEY-CASTILLO, Defendant, and DAQUDA KONATE et al., Respondents. [23 NYS3d 354]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), entered January 13, 2015, which granted the motion of the defendants Daquda Konate and Myna Taxi, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff was a passenger in a vehicle operated by the defendant Daquda Konate and owned by the defendant Myna Taxi, Inc. (hereinafter Myna Taxi), when it was struck in the rear by a vehicle operated by the defendant Karen Latney-Castillo. Latney-Castillo testified during her deposition that she was attempting to press the brake pedal when she accidentally pressed the brake pedal and the gas pedal simultaneously, causing her vehicle to accelerate. The plaintiff allegedly sustained injuries as a result of the accident and commenced this action against the defendants. Konate and Myna Taxi moved for summary judgment dismissing the complaint insofar as asserted against them, contending that Konate was not at fault in the happening of the accident. The Supreme Court granted the motion. We affirm.

" 'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Billis v Tunjian*, 120 AD3d 1168, 1169 [2014], quoting *Scheker v Brown*, 85 AD3d 1007 [2011]; *see Sehgal v www.nyairportsbus.com, Inc.*, 100 AD3d 860 [2012]; *Plummer v Nourddine*, 82 AD3d 1069 [2011]). Here, Konate and Myna Taxi established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the rear-end collision was proximately caused by Latney-Castillo's negligence in the operation of her vehicle and that Konate was not at fault in the happening of the accident (*see Plummer v Nourddine*, 82 AD3d at 1070; *Nozine v Anurag*, 38 AD3d 631 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the motion of Konate and Myna Taxi for summary judgment dismissing the complaint insofar as asserted against them. Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.