■ ERNESTO CAMPOS ORELLANA, Appellant, v MAGGIES PARATRANSIT CORP. et al., Respondents, et al., Defendants. [30 NYS3d 224]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), dated April 8, 2015, which denied his motion for summary judgment on the issue of liability insofar as asserted against the defendants Maggies Paratransit Corp. and Theo R. Ramos.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendants Maggies Paratransit Corp. and Theo R. Ramos is granted.

The plaintiff allegedly sustained personal injuries when a vehicle owned by the defendant Maggies Paratransit Corp. (hereinafter Maggies Paratransit) and operated by the defendant Theo R. Ramos, in which the plaintiff was a passenger, struck the rear of another vehicle. The plaintiff commenced this action against, among others, Maggies Paratransit and Ramos. He then moved for summary judgment on the issue of liability insofar as asserted against Maggies Paratransit and Ramos. The Supreme Court denied the motion. We reverse.

" 'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Billis v Tunjian*, 120 AD3d 1168, 1169 [2014], quoting *Scheker v Brown*, 85 AD3d 1007, 1007 [2011]; *see* Vehicle and Traffic Law § 1129 [a]; *Pelikan v Latney-Castillo*, 135 AD3d 839 [2016]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Theo v Vasquez*, 136 AD3d 795 [2016]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law. In support of his motion, the plaintiff submitted evidence demonstrating that the vehicle driven by Ramos struck the vehicle in front of it in the rear as the front vehicle was stopping, and that the plaintiff did not contribute to the happening of the accident (*see Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22-23 [2015]; *Anzel v Pistorino*, 105 AD3d 784, 786 [2013]). In opposition, the defendants Maggies Paratransit and Ramos failed to raise a triable issue of fact as to whether there was a nonnegligent explanation for the collision (*see Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d 682, 683 [2011]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]).

Furthermore, contrary to the contention of Maggies Paratransit and Ramos, the motion was not premature, as they failed to show that additional discovery might lead to relevant evidence, or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see* CPLR 3212 [f]; *Arazashvilli v Executive Fleet Mgt., Corp.*, 90 AD3d at 683; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d at 737; *Rainford v Sung S. Han*, 18 AD3d 638, 639-640 [2005]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability insofar as asserted against the defendants Maggies Paratransit and Ramos. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.