■ ZHANNA DUNAJSKI, Respondent, v SERGE N. KIRILLOV et al., Appellants, et al., Defendant. [49 NYS3d 751]—

In an action to recover damages for personal injuries, the defendants Serge N. Kirillov and Tatyana Klimina appeal from

so much of an order of the Supreme Court, Kings County (Wade, J.), entered April 19, 2016, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendants Serge N. Kirillov and Tatyana Klimina is denied.

The plaintiff pedestrian alleged that she was struck by a vehicle which was leased by the defendant Tatyana Klimina and operated by the defendant Serge N. Kirillov (hereinafter together the defendants) as she crossed the intersection of West 5th Street and Neptune Avenue in Brooklyn. The plaintiff alleged that she was crossing the intersection in a crosswalk with the traffic light in her favor when she was struck by the defendants' vehicle. The plaintiff commenced this action against, among others, the defendants, to recover damages for personal injuries. Prior to the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the issue of the defendants' liability. In the order appealed from, the Supreme Court, inter alia, granted that branch of the plaintiff's motion. We reverse the order insofar as appealed from.

In support of that branch of her motion which was for summary judgment on the issue of the defendants' liability, the plaintiff demonstrated that she was walking within a crosswalk, with the pedestrian signal in her favor, when the defendants' vehicle failed to yield the right-of-way and struck her. The plaintiff also averred that, exercising due care, she had looked in all directions to check for approaching vehicles before she entered the intersection. Contrary to the defendants' contention, this evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of their liability, including the plaintiff's freedom from comparative fault (see Gomez v Novak, 140 AD3d 831, 831 [2016]; Moreira v M.K. Travel & Transp., Inc., 106 AD3d 965, 966 [2013]; Ricci v Lo, 95 AD3d 859, 860 [2012]; Kusz v New York City Tr. Auth., 88 AD3d 768 [2011]; Martinez v Kreychmar, 84 AD3d 1037, 1038 [2011]; Klee v Americas Best Bottling Co., Inc., 60 AD3d 911 [2009]). However, in opposition, the defendants raised a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the subject accident. The defendants submitted the affidavit of the defendant driver and copies of color photographs depicting the defendants' vehicle after the accident. The defendant driver

averred that he had just made a right-hand turn when the plaintiff emerged from behind a light pole that was adjacent to the crosswalk, and "either walked or ran right into" the front passenger side of his vehicle. The defendant driver also averred that the photographs, which depict the vehicle with a dent just above the front passenger tire, fairly and accurately depict the condition of the vehicle after the accident. These submissions raise a triable issue of fact as to whether the plaintiff was comparatively at fault in coming into contact with the passenger side of the defendants' vehicle after the front of the defendants' vehicle had already passed her (see Carrasco v Monteforte, 266 AD2d 330, 331 [1999]).

In light of our determination, we need not address the defendants' remaining contention.

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of the defendants' liability. Rivera, J.P., Leventhal, Hall and Duffy, JJ., concur.