■ Mohammed Hoque, Appellant, v Mehri Trans, Inc., et al., Respondents. [58 NYS3d 597]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Butler, J.), entered June 3, 2016, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while walking across 27th Street, at its intersection with Hoyt Avenue North, in Queens, when he was struck by a vehicle owned by the defendant Mehri Trans, Inc., and operated by the defendant Tabrej I. Modak. The accident occurred while the defendants' vehicle was making a left turn onto 27th Street from Hoyt Avenue North. After the accident, the plaintiff commenced this action to recover damages for personal injuries. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.

In support of his motion, the plaintiff submitted his own affidavit, in which he stated that he was walking within a crosswalk, with the pedestrian signal in his favor, when the defendants' vehicle failed to yield the right-of-way and struck him. He also stated that he had looked in all directions to check for approaching vehicles before entering the crosswalk. Contrary to the defendants' contention, this evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of their liability, including the plaintiff's freedom from comparative fault (*see Dunajski v Kirillov*, 148 AD3d 991, 992 [2017]; *Chou v Ocean Ambulette Serv., Inc.*, 131 AD3d 1091, 1092 [2015]; *Zhu v Natale*, 131 AD3d 607 [2015]). However, in opposition, the defendants submitted an affidavit from the defendant driver, who stated that he yielded the right-of-way to the plaintiff, but that the plaintiff then turned unexpectedly in the crosswalk and struck the defendants' vehicle as it was passing him. This evidence raised a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the subject accident (*see Castiglione v Kruse*, 27 NY3d 1018 [2016]; *Dunajski v Kirillov*, 148 AD3d at 993).

In light of our determination, we need not address the defendants' remaining contention, that the plaintiff's motion was premature.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.