Lazarre v Gragston (2018 NY Slip Op 05673)





Lazarre v Gragston


2018 NY Slip Op 05673


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-03060
 (Index No. 2823/15)

[*1]Joseph Yvon Lazarre, appellant, 
v
Paula I. Gragston, respondent.


Earle F. Weprin, Brooklyn, NY, for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Patrick W. Brophy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 1, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability without prejudice to renew upon the completion of certain discovery.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On December 1, 2014, the plaintiff and his niece allegedly were crossing the street, side-by-side, at the intersection of Ocean Avenue and Parkside Avenue in Brooklyn, when the plaintiff's niece was struck by the defendant's vehicle, which was making a right turn. As a result, the plaintiff's niece was pushed into the plaintiff, who then fell to the ground. The plaintiff subsequently commenced this action against the defendant to recover damages for personal injuries allegedly sustained by him. Prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.
In support of his motion, the plaintiff submitted his own affidavit which demonstrated that he was walking within a crosswalk, with the pedestrian signal in his favor, when the defendant's vehicle failed to yield the right-of-way and struck his niece. This evidence was sufficient to establish the plaintiff's prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Hoque v Mehri Trans, Inc., 152 AD3d 749, 750; Dunajski v Kirillov, 148 AD3d 991, 992; Zhu v Natale, 131 AD3d 607, 608; Blok v Mammadov, 126 AD3d 836; Sulaiman v Thomas, 54 AD3d 751). In opposition, the defendant, who did not submit his own affidavit or an affidavit from a person with personal knowledge of the facts, failed to raise a triable issue of fact (see Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955; Service v McCoy, 131 AD3d 1038, 1039; Kimyagarov v Nixon Taxi Corp., 45 AD3d 736, 737).
Furthermore, contrary to the defendant's contention, the plaintiff's motion was not premature, as the defendant failed to offer an evidentiary basis to suggest that discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of the plaintiff (see CPLR 3212[f]; Niyazov v Hunter EMS, Inc., 154 AD3d [*2]at 955; Kimyagarov v Nixon Taxi Corp., 45 AD3d at 737). The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the plaintiff's motion (see Niyazov v Hunter EMS, Inc., 154 AD3d at 955; Kimyagarov v Nixon Taxi Corp., 45 AD3d at 737).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court