Higashi v M&R Scarsdale Rest., LLC (2019 NY Slip Op 07240)





Higashi v M&R Scarsdale Rest., LLC


2019 NY Slip Op 07240


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-14838
 (Index No. 53322/17)

[*1]Yayoi Higashi, et al., appellants, 
v
M & R Scarsdale Restaurant, LLC, et al., respondents.


Tomkiel & Tomkiel, Scarsdale, NY (Matthew Tomkiel of counsel), for appellants.
Milber Makris Plousadis & Seiden, LLP, White Plains, NY (Natasha Rabinovich of counsel), for respondent M & R Scarsdale Restaurant, LLC.
Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci of counsel), for respondents Anthony J. Larosa and Anthony P. Larosa.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated December 7, 2018. The order denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence is granted.
On October 28, 2016, at about 7:30 p.m., the plaintiff Yayoi Higashi (hereinafter the injured plaintiff), a pedestrian, was struck by a vehicle operated by the defendant Anthony J. Larosa (hereinafter the defendant driver) and owned by the defendant Anthony P. Larosa. At the time of the accident, the defendant driver was operating the vehicle during the course of his employment with the defendant M & R Scarsdale Restaurant, LLC. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendants. The defendants interposed answers which asserted the affirmative defense of comparative negligence. The Supreme Court denied the plaintiffs' motion for summary judgment on the issues of the defendants' liability and dismissing the defendants' affirmative defenses alleging that the injured plaintiff was comparatively negligent. The plaintiffs appeal.
To be entitled to summary judgment on the issue of liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Odetalla v Rodriguez, 165 AD3d 826, 826). Although a plaintiff is not required to establish his or her freedom from comparative negligence, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff seeks summary judgment dismissing an affirmative defense alleging comparative negligence (see Wray v Galella, 172 AD3d 1446, 1447; Poon v Nisanov, 162 AD3d [*2]804, 808).
Here, in support of their motion, the plaintiffs submitted a transcript of the deposition testimony of the defendant driver, who testified that his vehicle struck the injured plaintiff as he was making a left turn from Ardsley Road into the parking lot of the restaurant where he worked. The defendant driver admitted that he never saw the injured plaintiff before his vehicle struck her, and that when the collision occurred his vehicle was in the process of accelerating into the lot. He testified that, upon impact, he felt a "slight bump" at the front center of his vehicle. He stopped and exited his vehicle, and observed the injured plaintiff lying on the ground.
The injured plaintiff testified at her deposition, a transcript of which was also submitted in support of the plaintiffs' motion, that she had been walking on the sidewalk along Ardsley Road. She intended to cross the entrance to the parking lot to continue walking on the sidewalk along Ardsley Road. She testified that, before attempting to cross the entrance to the lot, she stopped and looked in both directions to check for approaching vehicles, and that she did not see any vehicles before she stepped into the entrance to the lot.
The plaintiffs also submitted a transcript of the deposition testimony of a nonparty witness who testified that, just before impact, he observed the injured plaintiff turn her body to face the defendants' vehicle and put her hands up in front of her. He then saw the vehicle strike the injured plaintiff and launch her into the air. The photographs, in conjunction with the testimony of the defendant driver and the nonparty witness, demonstrated that the injured plaintiff was struck after she had already walked more than halfway across the entrance to the parking lot.
A driver is bound to see what is there to be seen with the proper use of his or her senses (see Brandt v Zahner, 110 AD3d 752; Shui-Kwan Lui v Serrone, 103 AD3d 620; Topalis v Zwolski, 76 AD3d 524, 525). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability by submitting evidence that the defendant driver never saw the injured plaintiff before striking her (see generally Rodriguez v City of New York, 31 NY3d 312).
The plaintiffs also established their prima facie entitlement to summary judgment as a matter of law dismissing the defendants' affirmative defenses alleging that the injured plaintiff was comparatively negligent (see Wray v Galella, 172 AD3d at 1447-1448; Dunajski v Kirillov, 148 AD3d 991; Gomez v Novak, 140 AD3d 831, 831-832).
In opposition, the defendants failed to raise a triable issue of fact as to either the defendant Anthony J. LaRosa's negligence or whether the injured plaintiff was comparatively at fault in the happening of the accident.
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court