| |
|---|
| **Rosado v City of New York** |
| 2025 NY Slip Op 32064(U) |
| June 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152552/2023 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. HASA A. KINGO** | PART **05M** |
| *Justice* | |

-------------------------------------------------------------------------------X

ANTONIO ROSADO

Plaintiff,

- v -

CITY OF NEW YORK,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152552/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 41, 45, 46, 47, 48, 49, 50, 51

were read on this motion for                SUMMARY JUDGMENT                .

Plaintiff Anthony Rosado ("Plaintiff") moves, pursuant to CPLR § 3212, for an order (a) granting summary judgment on the issue of liability against Defendant City of New York ("Defendant"), and (b) striking Defendant's affirmative defenses of culpable conduct and assumption of risk.

## BACKGROUND AND PROCEDURAL HISTORY

On October 26, 2022, at approximately 4:48 A.M., Plaintiff was crossing West 147th Street at Broadway under a pedestrian "WALK" signal when he was struck by a Fire Department of the City of New York ("FDNY") ambulance driven by Emergency Medical Technician ("EMT") Kenneth Enderley ("EMT Enderley"). The ambulance, proceeding without lights or sirens, turned from westbound 147th Street onto northbound Broadway and collided with Plaintiff within the marked crosswalk. Police arrived and recorded that the ambulance driver had a green light at impact. Plaintiff commenced this action on March 20, 2023, alleging negligence *per se* under Vehicle and Traffic Law ("VTL") §§ 1112, 1146(a), 1151(a), 1160(a), and 1163(a). Defendant answered on May 11, 2023, asserting affirmative defenses of culpable conduct and assumption of risk, and opposed this motion on May 15, 2025. Following depositions in October 2024 and March 2025 (NYSCEF Docs 33, 45), Plaintiff filed this summary judgment motion on April 3, 2025.

## ARGUMENTS

Plaintiff contends that the facts, when viewed in light of the undisputed record evidence, clearly support summary judgment on liability. Plaintiff argues that Plaintiff was lawfully present in a marked crosswalk at the time of the collision, proceeding with the pedestrian "WALK" signal. It is undisputed that the ambulance, operated by EMT Enderley, turned into the intersection without activating lights or sirens, as required under VTL § 1104 to claim emergency privilege. Absent such activation, Plaintiff argues that Defendant was subject to the same traffic regulations

**152552/2023   ROSADO, ANTONIO vs. CITY OF NEW YORK**
**Motion No. 002**

**Page 1 of 4**

1 of 4

[* 1]

as any civilian driver. Plaintiff argues that the ambulance's violation of several VTL provisions—including failure to yield under VTL § 1146(a), unlawful turning under VTL §§ 1160(a) and 1163(a), and disregard for pedestrian priority under VTL §§ 1151(a) and 1112—establish negligence *per se*. Plaintiff maintains that the disputed facts cited by Defendant, such as conflicting recollections about traffic signals or weather, are immaterial to the question of liability, particularly when Defendant admits the collision occurred in the crosswalk and that the ambulance lacked active emergency equipment.

Defendant argues that triable issues of fact remain, particularly concerning the color of the traffic light, road and weather conditions, and the specifics of how the accident occurred. Defendant asserts that Plaintiff's testimony was confused and internally inconsistent, and that this creates credibility issues precluding summary judgment. Moreover, Defendant contends that Plaintiff may have contributed to the accident by misinterpreting the pedestrian signal or stepping into the intersection prematurely, thereby raising comparative fault issues. As such, Defendant maintains its affirmative defenses of culpable conduct and assumption of risk.

In reply, Plaintiff underscores that under *Rodriguez v. City of New York*, 31 NY3d 312 (2018), he is not required to eliminate his own potential comparative fault to obtain summary judgment on liability. Plaintiff further stresses that both parties' testimonies confirm that he was struck in the crosswalk and that the ambulance was neither using lights nor sirens. These facts, Plaintiff asserts, are dispositive. Even assuming a green light for the ambulance, Plaintiff argues that the duty to yield to pedestrians in the crosswalk remains paramount. Indeed, Plaintiff contends that courts have consistently held that drivers—even with the right of way—must exercise due care to avoid hitting pedestrians (*Hoque v Mehri Trans, Inc*., 152 AD3d 749 [2d Dept 2017]; *Dunajski v Kirillov*, 148 AD3d 991 [2d Dept 2017]; *Zhu v Natale*, 131 AD3d 607 [2d Dept 2015]; *Blok v Mammadov*, 126 AD3d 836 [2d Dept 2015]; *Sulaiman v Thomas*, 54 AD3d 751 [2d Dept 2008]).

## DISCUSSION

The legal standard for summary judgment is well-settled. Pursuant to CPLR § 3212(b), a court shall grant summary judgment if the moving party demonstrates, through admissible evidence, that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law (*Winegrad v. New York Univ. Med. Ctr*., 64 NY2d 851 [1985]; *Alvarez v. Prospect Hosp*., 68 NY2d 320 [1986]). The movant must make a *prima facie* showing of entitlement to judgment by establishing the absence of any triable issue as to any material fact. Once this showing is made, the burden shifts to the opposing party to produce evidence in admissible form sufficient to establish the existence of a genuine issue of fact (*Zuckerman v. City of New York*, 49 NY2d 557 [1980]). Speculative or conclusory assertions are insufficient to defeat summary judgment.

In the context of motor vehicle accidents involving pedestrians, it is well-established that drivers have a statutory duty to exercise due care to avoid colliding with any pedestrian upon any roadway (VTL § 1146[a]). Additionally, pedestrians lawfully within a marked crosswalk are accorded special protection under the VTL, including VTL §§ 1112, 1151(a), 1160(a), and 1163(a). The failure of a motorist to yield the right of way to a pedestrian lawfully in a crosswalk

**152552/2023   ROSADO, ANTONIO vs. CITY OF NEW YORK**                    **Page 2 of 4**
**Motion No.  002**

2 of 4

constitutes negligence as a matter of law (*see Quintavalle v. Perez*, 139 AD3d 182, 187 [1st Dept 2016]; *Yuemei Wu v Auto. Rentals, Inc.,* 157 AD3d 752 [2d Dept 2018]).

To obtain summary judgment, a plaintiff must demonstrate, prima facie, that the defendant was negligent and that such negligence was a proximate cause of the injury. In this case, Plaintiff has met that burden. It is uncontested that he was within the marked crosswalk when struck by an FDNY ambulance. It is also undisputed, based on Defendant Enderley's own deposition, that the ambulance's emergency lights and sirens were not activated. Absent those emergency signals, the ambulance was not entitled to disregard traffic laws under VTL § 1104. Consequently, the driver was bound by the standard duty of care applicable to all motorists, including the obligation to yield to a pedestrian lawfully within a crosswalk (VTL § 1151[a]).

Plaintiff's reliance on VTL § 1112 further bolsters his claim. When a steady "WALK" signal is displayed, pedestrians have the right of way, and motorists must yield. The record, including Plaintiff's testimony and Enderley's own statements, supports that Plaintiff entered the crosswalk under a "WALK" signal. To the extent that there is conflicting testimony as to the sequence of lights or the weather, those facts are immaterial to Defendant's failure to observe and yield to a visible pedestrian in a crosswalk.

Enderley testified that he never saw Plaintiff before the impact, despite Plaintiff's presence in a well-lit intersection. The duty to observe what is there to be seen is a basic tenet of New York negligence law. A driver who fails to see what is plainly observable is negligent as a matter of law (*Katanov v. County of Nassau*, 91 AD3d 723 [2d Dept 2012]; *Tutrani v. County of Suffolk*, 10 NY3d 906 [2008]). The driver's failure to see Plaintiff—coupled with the absence of emergency protocol—makes liability inevitable. Indeed, Defendant's suggestion that factual discrepancies preclude summary judgment misapprehends the law. The presence of minor inconsistencies or conflicting testimony does not create a material issue of fact where the central facts—Plaintiff's presence in the crosswalk and the Defendant's failure to yield—are undisputed. Nor can Defendant's reliance on Plaintiff's testimony, however imperfect, defeat summary judgment, especially where their own witness corroborates the critical liability facts.

Although the Appellate Division, First Department, has periodically held that a motorist's failure to yield does not, by itself, resolve the question of liability because it leaves open the issue of a plaintiff's own negligence (*see Thoma v Ronai*, 189 AD2d 635, 636 [1st Dept 1993], *aff'd*, 82 NY2d 736 [1993]; *Calcano v Rodriguez*, 91 AD3d 468, 469 [1st Dept 2012]), those decisions preceded the New York Court of Appeals' seminal ruling in *Rodriguez v City of New York*, 31 NY3d 312 (2018). In *Rodriguez*, the Court held that a plaintiff need not eliminate all potential comparative fault before obtaining summary judgment on liability. Consequently, once a defendant's negligence is established, affirmative defenses of comparative fault and assumption of risk pertain only to the apportionment of damages and may not be used to deny summary judgment (*Rodriguez*, 31 NY3d at 324, *supra*).

Indeed, in *Shin v Ljulja*, 219 AD3d 1238, 1239 (1st Dept 2023), decided after *Rodriguez v City of New York*, 31 NY3d 312 (2018), the Appellate Division, First Department, held that the pedestrian "established prima facie entitlement to judgment on liability as a matter of law" by demonstrating that she was crossing Broadway within a marked crosswalk, with a "walk" signal

**152552/2023   ROSADO, ANTONIO vs. CITY OF NEW YORK**
**Motion No.  002**

**Page 3 of 4**

in her favor, after looking both ways, when the defendant's left-turning vehicle struck her from behind on her right side, pinning and dragging her and causing severe leg injuries (219 AD3d at 1238–39).

With respect to the issue of comparative fault, it is well established that a pedestrian who crosses within a crosswalk and has the right-of-way still owes a duty of reasonable care and may be deemed comparatively negligent if they fail to observe an oncoming vehicle that would have been visible through the exercise of ordinary attention. However, in the present case, there is no evidence that Plaintiff failed to exercise such ordinary caution or attentiveness. Nothing in the record suggests that Plaintiff had any advance indication of Defendant's ambulance approaching. The only manner in which Plaintiff might have avoided being struck would have required him to repeatedly turn around and monitor the area while walking forward. Imposing such a heightened duty—in effect, requiring pedestrians to vigilantly scan in all directions while actively crossing a street—would be both unreasonable and unsafe, and is not mandated by law (*see Quintavalle v City of New York*, 139 AD3d 182 [1st Dept 2016]). As such, because Defendant has failed to raise any triable issue of fact on liability, summary judgment in favor of Plaintiff is proper as a matter of law, and the affirmative defenses of culpable conduct asserted in the answer must consequently be stricken. Accordingly, it is hereby

ORDERED that Plaintiff's motion for summary judgment on liability is granted, and Defendant's affirmative defenses of culpable conduct and assumption of risk are stricken; and it is further

ORDERED that Plaintiff shall, within 20 days from entry of this order, serve a copy of this order with notice of entry upon counsel for all parties hereto and upon the Clerk of the General Clerk's Office; and it is further

ORDERED that such service upon the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of Plaintiff on the issue of liability; and it is further

ORDERED that this action shall proceed to trial solely on the issue of damages.

This constitutes the decision and order of the court.

**6/10/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152552/2023   ROSADO, ANTONIO vs. CITY OF NEW YORK**
**Motion No.  002**

Page 4 of 4

[* 4]